IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

NICHOLAS ALAHVERDIAN,

    Plaintiff,    :    Case No. 3:13-cv-132

                    District Judge Thomas M. Rose
  -vs-                   Magistrate Judge Michael R. Merz
                 :

MARY J. GREBINSKI, et al.,

    Defendant.

## REPORT AND RECOMMENDATIONS; ORDER FOR AMENDED COMPLAINT

This case is before the Court on Defendants' Motion to Dismiss for lack of subject matter jurisdiction as to the entire case, for dismissal of the Fourth Ground for Relief for failure to state a claim upon which relief can be granted, and for a more definite statement (Doc. No. 6). Plaintiff, having obtained counsel and having taken three extensions of time to do so (Doc. Nos. 9, 10, 11 and notation orders granting), has filed a two-paragraph Response (Doc. No. 12) and Defendants have filed a Reply in support (Doc. No. 13).

**Subject Matter Jurisdiction**

Filing this matter *pro se*, Plaintiff claimed to be a citizen of the Commonwealth of Massachusetts (Complaint, Doc. No. 3, PageID 68).  He asserted subject matter jurisdiction under 28 U.S.C. § 1332 on the basis of diversity of citizenship and an amount in controversy in

excess of $75,000. *Id.* ¶ 1, PageID 69.  He further asserts business relationships with firms in Providence, Rhode Island; Washington, D.C., and Boston, Massachusetts; and a former relationship with Harvard University[1] as an undergraduate degree candidate.  *Id.* ¶ 3.  The Complaint is signed by Plaintiff, but is not verified.

The burden of persuasion on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442 (1942); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266 (6th Cir. 1990);  5A Wright and Miller, *Federal Practice and Procedure, Civil 2d* §1350 (1990). A facial attack on subject matter jurisdiction is proper under Rule 12(b)(1) *Golden v. Gorno Bros.*, 410 F.3d 879, 881 (6th Cir. 2005), but requires the Court to assume the truth of all allegations made by a plaintiff. *DLX, Inc., v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004), *citing RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1133-35 (6th Cir. 1996); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); and *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990).

Because neither party has submitted any evidence on the question of Plaintiff's residence, the Court must assume the truth of his allegation that he is a resident of the Commonwealth of Massachusetts.  On that basis there is complete diversity of citizenship and the motion to dismiss for lack of subject matter jurisdiction should be DENIED.

**Failure to State a Claim**

Defendants seek dismissal of the Fourth Claim for Relief which, incorporating the prior fifty-eight paragraphs of the Complaint, alleges Defendants have "regularly subjected Mr.

---

[1] Although Plaintiff does not assert it, the Court takes judicial notice that Harvard University is located in Cambridge, Massachusetts.

2

Alahverdian to harassment, explicit remarks, and unwelcome degradation" and "threatened to perpetuate legal proceedings against him."  (Complaint, Doc. No. 3, ¶ 60, PageID 83-84.)  Neither counsel has cited any precedent on whether such a claim is actionable.  Plaintiff's counsel construes Defendants' argument as being that "the harassment claims are not based in federal law." (Motion, Doc. No. 12, PageID 115).  That, however, is not Defendants' point as the Court understands it.  The entire Complaint is grounded in diversity of citizenship and it is therefore Ohio substantive law which governs, not federal law.  A federal court exercising supplemental or diversity subject matter jurisdiction over state law claims must apply state substantive law to those claims.  28 U.S.C. § 1652; *Gasperini v. Center for Humanities, Inc.*, 528 U.S. 415, 427, n. 7 (1996); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), overruling *Swift v. Tyson*, 41 U.S. 1 (1841)(Story, J., holding that "the laws of the several states" in the Judiciary Act of 1789 means only the statutory law of the States).

"The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE:  Civil 2d §1356 at 294 (1990); *see also Gex v. Toys "R" Us*, 2007 U.S. Dist. LEXIS 73495, *3-5 (S.D. Ohio, Oct. 2, 2007); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Stated differently, a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test the sufficiency of the complaint.  *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level,  see 5 C. Wright & A. Miller, Federal Practice and

> Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627, 161 L. Ed. 2d 577; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F. Supp. 2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558 (*overruling Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and specifically disapproving of the proposition from *Conley* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced.

While Plaintiff's Complaint is thorough in its allegation of acts committed by the Defendants, those acts are not actionable under Ohio law under the rubric of "harassment."

Therefore Defendants' Motion to Dismiss the Fourth Claim for Relief for failure to state a claim should be GRANTED.

**Motion for Definite Statement**

Defendants' Motion for Definite Statement is well taken.  It is impossible to tell from the Complaint which acts Plaintiff alleges were done by which of the Defendants.  Rather than file a separate definite statement, however, Plaintiff is ORDERED to file an amended complaint not later than November 1, 2013.

October 21, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).