# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

NICHOLAS ALAHVERDIAN,

      Plaintiff,   :      Case No. 3:13-cv-132

                                District Judge Thomas M. Rose
   -vs-                     Magistrate Judge Michael R. Merz
                            :

MARY J. GREBINSKI, et al.,

      Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This case is before the Court on Plaintiff's Objections (Doc. No. 32) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 30) recommending the Amended Complaint be dismissed with prejudice. Judge Rose has recommitted the case for reconsideration in light of the Objections. (Recommittal Order, Doc. No. 33.)

      Plaintiff's Amended Complaint purports to state claims for relief for defamation, false light invasion of privacy, and intentional infliction of emotional distress. The Report provides thirty-one pages of analysis of these claims under the governing Supreme Court case law, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Noting that Ohio substantive law governs this diversity case under 28 U.S.C. § 1652 and *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), it discusses at length the governing Ohio case law. In contrast, the Objections contain only three pages of text and no case citations whatever.

1

The Objections are considered *seriatim* below.

**Defamation *Per Se***

Defendants in this case are Mary J. Grebinski and Nathan M. Lanning. In Count One of the Amended Complaint, Alahverdian sues both Defendants for defamation *per se*. The Report examined each of the allegedly defamatory statements and concluded none of them would support a cause of action for defamation *per se.* (Report, Doc. No. 30, PageID 444-56.) Plaintiff objects as to only two statements, both allegedly made by Defendant Lanning. Since no objection is made as to any comments attributed to Defendant Grebinski, Count One should be dismissed as to her.

    **Crazy**

Lanning is alleged to have posted on his personal blog the words, *inter alia*, "this guy is a f__ing crazy f__." There is no doubt the reference is to Plaintiff. The Report notes that determining whether a statement is of a matter of fact or opinion is a question of law in Ohio, and Plaintiff makes no objection to that conclusion. (Report, Doc. No. 30, PageID 445.)

The Objections criticize the Report for not engaging in "any analysis of whether the Defendants referring to the Plaintiff as crazy are defamatory." (Objections, Doc. No. 32, PageID 472.) To the contrary, the Report spends a full page analyzing why this statement is an opinion, including quoting a passage from Plaintiff's own Response to the Motion to Dismiss in which he stated that "[p]eople frequently use adjectives such as 'stupid' or 'crazy' to express their feelings

2

or opinion about an individual" and then cited *Stepien v. Franklin*, 39 Ohio App. 3d 47 (8th Dist. 1988), for the example of a radio talk show host's calling the president of an NBA team  "stupid, dumb, buffoon, nincompoop, scum, a cancer, an obscenity, gutless liar, unmitigated liar, pathological liar, egomaniac, nuts, crazy,  irrational, suicidal, lunatic," etc. *Id.*  at 49.  The Eighth District concluded these words were all opinion without the speaker's having prefaced them with words like "in my opinion."

Plaintiff actually argued this was not an opinion but a statement of fact because "the internet is seen as a provider of factual information for the world.  No one would post anything on the internet that they did not feel was wholly true and accurate."  (Response, Doc. No. 27, PageID 415.)  The Report characterized this statement as "naïve or disingenuous."  (Report, Doc. No. 30, PageID 452.)  In his Objections, Plaintiff asserts "[t]hose people who post anything on a comments section of a newspaper or other website believe it to be true."  (Objections, Doc. No. 52, PageID 472.)  The fact that a poster might believe a statement is true does not determine whether it is a statement of fact or opinion.

As to whether posters on the internet always believe in the truth of their postings, Plaintiff is directed to a counterexample.  At page B1 of the August 5, 2014, edition of the Dayton Daily News there appears a report of the successful use of the internet by police posting false advertisements for services by prostituted women as a "sting" operation resulting in numerous arrests, including an Air Force lieutenant colonel.  Certainly the police officers posting the ads did not believe that prostituted women were actually available in response to those ads. See   http://www.daytondailynews.com/news/news/crime-law/wright-patt-officer-csu-professor-arrested-sex-sti/ngtcf/

3

**Sexual Assault**

Lanning is also charged with defamation for having said Alahverdian committed sexual assault on Grebinski.  The Report concluded this was a true statement because Plaintiff stands convicted of sexual imposition and public indecency with Grebinski as the victim.  The Report noted that the Ohio Revised Code categorizes both of these offenses as sexual assaults and that Lanning's statement was therefore true.

Plaintiff objects that "he did not sexually assault anyone. . . . he is not guilty of any crime." (Objections, Doc. No. 32, PageID 473.)  Yet in the very next paragraph he admits he was convicted of public indecency and sexual imposition.  *Id.*  He then offers a discussion of the definition of certain terms in Chapter 2907 of the Revised Code, asserting "[s]exual assault implies the Plaintiff is guilty of rape."  *Id.*  The offense of sexual imposition requires unconsented sexual contact.  "Sexual contact" is defined at Ohio Revised Code § 2907.01(B) as touching the erogenous zone of another.  The courts of Ohio have found that Alahverdian did sexually assault Grebinski, i.e., that he touched one of her erogenous zones without her consent with the intent of sexual gratification.  It is not defamation to categorize Alahverdian's conduct as sexual assault because that is what the Ohio courts and the Ohio Revised Code have done.  However much in denial Alahverdian is about his guilt of any crime, what counts is the unreversed decision of the Dayton Municipal Court that he is in fact and in law guilty.

**False Light Invasion of Privacy**

The Report recites the governing substantive law of Ohio on this claim, which the Objections do not dispute. (Report, Doc. No. 30, PageID 457-58); (Objections, Doc. No. 32, PageID 474.)  The Report noted that the comments of Grebinski of which Alahverdian complained did not reference him at all. (Report, Doc. No. 30, PageID 458-59.)  The Objections make no response to that point.

As to the comments attributed to Lanning, the Report concluded a reasonable listener would not find Lanning's opinion that Alahverdian was "crazy" to be highly offensive.  Plaintiff objects to that conclusion, but offers no reason or case authority to the contrary.

**Intentional Infliction of Emotional Distress**

Count III of the Amended Complaint purports to plead a claim of intentional infliction of emotional distress against both Defendants, but again cites no behavior of Ms. Grebinski other than her response to "Colleen's" webpost which does not refer to Alahverdian.  The Report recommended that Count III be dismissed. (Report, Doc. No. 30, PageID 461-67.)  The Objections on Count III are completely conclusory, making no argument at all. (Objections, Doc. No. 32, PageID 474.)

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Amended Complaint be dismissed with prejudice.

Aug 5 2014 4:19 PM



X  Michael R. Merz

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).  **Because of the age of this Motion, no extensions of time to object will be granted.**