# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

NICHOLAS ALAHVERDIAN,

             Plaintiff,           :        Case No. 3:13-cv-00132

                                        District Judge Thomas Rose

       -vs-                      Magistrate Judge Michael R. Merz
                             :

MARY J. GREBINSKI, et al.,

             Defendants.

---

# REPORT AND RECOMMENDATIONS ON DEFENDANTS' MOTION
# FOR SANCTIONS

---

This case is before the Court on Defendants' Motion for Sanctions against Plaintiff's counsel under Fed. R. Civ. P. 11 (Doc. No. 24). Plaintiff opposes the Motion (Response, Doc. No. 26) and Defendants have filed a Reply in support (Doc. No. 29).

Even though it is not listed as a dispositive motion in 28 U.S.C. § 636(b), Rule 11 claims for money damages have been held to be dispositive motions on which magistrate judges must make a recommendation rather than a decision. *Bennet v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995 (6th Cir. 1992).

Fed. R. Civ. P. 11(b) reads in pertinent part:

> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (2) the claims, defenses, and other legal contentions therein
> are warranted by existing law or by a nonfrivolous
> argument for the extension, modification, or reversal of
> existing law or the establishment of new law;

The standard of conduct imposed on parties and attorneys by amended Rule 11 is reasonableness under the circumstances. *INVST Financial Group v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 401 (6th Cir. 1987); *See also Business Guides, Inc., v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533 (1991); *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987); *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790 (6th Cir. 1988). The court must test the signer's conduct by inquiring what was reasonable to believe at the time of signing, and must avoid using the "wisdom of hindsight." *Mann v. G&G Mfg., Inc.*, 900 F.2d 953 (6th Cir. 1990); *Century Products, Inc., v. Sutter*, 837 F.2d 247 (6th Cir. 1988); *INVST, supra*, at 401; *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir. 1988). The Rule includes both a duty to investigate the facts, *Albright v. Upjohn,* 788 F.2d 1217 (6th Cir. 1986), and the law, *INVST, supra*, at 402.

Sanctions are appropriate when "an attorney . . . intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

The true abuser of the judicial process in this whole controversy has been Plaintiff himself. In his prior case, Alahverdian v. State of Ohio, Case No. 3:13-cv-113, he sued the State, the Dayton Municipal Court, Judge Carl Henderson of that court, Sinclair Community College and its President, the Montgomery County Public Defender, the Montgomery County Sheriff and others, but was never able to construct a coherent actionable complaint. Because the initial Complaint was dismissed without service of process and the case withdrawn without an amended

complaint, no one was inconvenienced except the Court.  But constructing a twenty-eight page Report and Recommendations dealing with a 139 page/458 paragraph complaint was not a minor inconvenience.  So far as this Court is able to determine, Plaintiff had no actionable claim against any of the Defendants in that case, particularly in light of *Heck v. Humphrey,* 512 U.S. 477, 486-487(1994).  Moreover, instead of just attempting to litigate his claims, Plaintiff used the lawsuit as a platform for a media campaign about the case.  Despite trumpeting in the media how he would prove all sorts of constitutional violations, he proved nothing and dismissed the case without attempting to prove anything.

As with the prior case, Alahverdian filed this case *pro se*.  Faced with a motion to dismiss, Alahverdian finally retained counsel who took four months to respond to the Motion (See Doc. No. 12).  Considering that Motion, the Court found it well taken but permitted an amended complaint to cure the deficiencies (Doc. No. 14).  Plaintiff then filed a further amended complaint (Doc. No. 21).  That Amended Complaint has now been the subject of two Reports and Recommendations to dismiss with prejudice (Doc. Nos. 30, 34).  Plaintiff's Objections were perfunctory at best and cited no case authority at all.

The test for sanctions under Fed. R. Civ. P. 11 is an objective one.  The fact that counsel was attempting to help a client who feels genuinely aggrieved by the conduct of Ms. Grebinski and the Ohio legal system does not justify filing baseless litigation and subjecting innocent parties to legal fees.  Plaintiff was given the opportunity to withdraw the Amended Complaint by service of the Rule 11 motion before its filing, but has nonetheless persisted.

> The standard for determining whether to impose sanctions is one of objective reasonableness. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002)(recognizing that "the imposition of **Rule 11** sanctions requires a showing of 'objectively unreasonable conduct'") (quoting *United States v. Kouri-Perez*, 187 F.3d 1, 8 (1st Cir.

1999)); *Union Planters Bank v. L & J Development Co., Inc.*, 115 F.3d 378, 384 (6th Cir. 1997) (finding that the test for the imposition of **Rule 11** sanctions is "whether the individual's conduct was reasonable under the circumstances") (citation omitted). The objective reasonableness standard has been adopted "to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." FED. R. CIV. P. 11 advisory committee notes (1993 Amendments). Relevant factors for determining whether the attorney acted reasonably include: "'the time available to the signor for investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether the signor depended on forwarding counsel or another member of the bar.'" *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir. 1988) (quoting *Century Products, Inc. v. Sutter*, 837 F.2d 247, 250-51 (6th Cir. 1988)).

*Neighborhood Research Institute v. Campus Partners for Community Development*, 212 F.R.D. 374, 377 (S.D. Ohio 2002).  Plaintiff's counsel had ample time to research the law relating to Alahverdian's claims.  As explained at length in both Reports and Recommendations, the Amended Complaint is not based on a plausible view of the law.

The purpose of sanctions under Rule 11 is deterrence.  The appropriate sanction here is payment to Defendants of their reasonable attorney fees incurred in defending this action.  The Court should require Plaintiff's counsel to make that payment.

Aug 5 2014 5:18 PM

X _____

Michael R. Merz

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).